# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI ANN BROWN, | Case No.  1:14-cv-01288-DAD-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATION THAT PAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT BE GRANTED** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | **Objections Due: 15 Days** |
| | (Doc. 23) |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying her application for Social Security disability benefits, Plaintiff filed an application for an award of attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $5,834.84.  (Doc. 23.)

On May 18, 2016, the Commissioner filed an opposition asserting that litigation position and underlying administrative decision were substantially justified.  (Doc. 26.)  Defendant further argued that because Plaintiff achieved only limited success in the litigation, any award for attorney fees should be reduced.  (Doc. 26.)  On May 19, 2015, Plaintiff filed a reply brief, which requested a supplemental EAJA award of $228.07 for 1.2 hours spent on the reply brief.  (Doc. 27.)  For the reasons set forth below, IT IS RECOMMENDED that Plaintiff's application for EAJA fees and expenses be GRANTED.

## I. BACKGROUND

Plaintiff filed this action on August 16, 2014, seeking judicial review of a final administrative decision denying her application for Social Security disability benefits on the grounds that the administrative law judge ("ALJ") failed to properly weight conflicting medical evidence, improperly evaluated the limiting effects of Plaintiff's impairments, and improperly rejected Plaintiff's testimony.  (Docs. 1; 13; 15.)

On January 29, 2016, the undersigned found the Commissioner's decision was supported by substantial evidence within the record and recommended that Plaintiff's appeal be denied and judgment be entered in favor of the Commissioner.  (Doc. 17.)  On March 23, 2016, the District Judge adopted in part the undersigned's recommendation, remanding solely for reconsideration of portions of examining physician Dr. Valos's medical opinion.  (Doc. 21.)  The Court's decision was based upon the conclusion that "the ALJ failed to fully incorporate into her hypothetical questions posed to the [vocational expert] all of plaintiff's limitations as indicated by Dr. Valos's opinion."  (Doc. 21, p. 8.)  The case being remanded back to the agency for reconsideration, judgment was entered for Plaintiff and against the Commissioner.  (Doc. 22.)

Plaintiff seeks a total of $6,062.91in EAJA fees and expenses.  It is Plaintiff's motion for attorney fees and expenses under the EAJA that is currently pending before the Court.

## II. LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust."  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B)(i).  The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).

"The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III.   ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court thus considers below whether the government's actions were substantially justified.

**A.   The Government's Position was Not Substantially Justified**

The Commissioner contends Plaintiff is not entitled to EAJA fees because the Commissioner's litigation position and underlying administrative decision were substantially justified. Substantial justification means "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks and citation omitted). In other words, the government's position must have a reasonable basis both in fact and in law. *Id.* In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers

the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)).

Pursuant to *Meier*, determining whether the agency's position was substantially justified requires first examining the ALJ's decision for substantial justification. 727 F.3d at 870. Here, the ALJ's failure to explain her rejection of Dr. Valos's opinion, or draw a meaningful distinction between her medical source opinion credibility findings despite obvious inconsistencies between Dr. Valos's and Dr. Law's opinion, was error. (*See* Doc. 21, pp. 6-7.)

An ALJ's failure to correctly evaluate testimony and rendering of a decision that is not supported by substantial evidence are the types of fundamental agency errors that are difficult to consider substantially justified. *See Meier*, 727 F.3d at 872; *Thangaraja v. Gonzales*, 428 F.3d at 870, 874 (9th Cir. 2007) ("holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified"); *see also Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining onset date, as well as disregard of substantial evidence establishing the same was not substantially justified).

That the Commissioner believes her litigation position before the Court was substantially justified does not vitiate the error at the administrative level. *Williams v.* Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991) (government's position must be "substantially justified" at "each stage of the proceedings"). Moreover, the Commissioner cites no authority that a court may *reduce* the number of hours awarded under EAJA based on substantial justification for some portion of the government's litigation conduct in defending the agency action. (*See* Doc. 26, pp. 3 (citing *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) for position that a district court could consider the magistrate judge's agreement with the ALJ's decision to suggest the Commissioner was substantially justified).) Substantial justification is one of the threshold statutory requirements to determine whether EAJA fees are awardable; it is not a basis to carve out hours spent by the

4

prevailing party in responding to what Defendant asserts was a substantially justified litigation position. *INS v. Jean*, 496 U.S. 154, 166 (1990) ("'substantial justification' requirement of the EAJA establishes a clear threshold for determining a prevailing party's eligibility for fees"). Defendant has not satisfied her burden to show the government's position was substantially justified at each stage of the proceedings.

In sum, Plaintiff is entitled to attorney fees and expenses under the EAJA.

**B.     The Hours Expended by Plaintiff's Counsel are Reasonable**

Defendant contends the hours Plaintiff requests should be reduced because Plaintiff achieved only limited success, as the matter was ultimately remanded only as to reconsideration of Dr. Valos's medical opinion, and not as to reconsideration of Plaintiff's credibility or Plaintiff's residual functional capacity. (Doc. 26, pp. 6-7.)

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[1] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.

Here, Plaintiff's attorney obtained an order reversing, in part, the ALJ's determination, which is a good outcome for Plaintiff. After carefully reviewing the record and the pending motion, the Court finds the claimed 31.9 attorney hours represent a reasonable amount of time for an attorney to expend on this particular matter, and the Court declines to conduct a line-by-line analysis of counsel's billing entries. *See, e.g., Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993) ("Absent any evidence of **obvious** 'padding' of hours that would lead the court to

---

[1] Pursuant to *Thangaraja*, 428 F.3d at 876-77 and the Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. Plaintiff requests hourly rates for her counsel that are consistent with the statutory maximum rates as set forth by the Ninth Circuit.

doubt the credibility of plaintiff's application, the court will not conduct a line by line evaluation of the application") (emphasis added); *Vallejo v. Astrue*, No. 2:09-cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (declining to "conduct a line-by-line analysis" of billing entries to determine all 62.6 hours of attorney time spent on the litigation were justified).

While the issues presented may have been fairly straightforward, 31.9 hours of attorney time are well within the limit of what would be considered a reasonable time spent on this action when compared to the time devoted to similar tasks by counsel in like Social Security appeals before this court. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see also Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

Considering the procedural and administrative history of the case, the facts and nature of Plaintiff's appeal, and the size and scope of the record, the requested hours of attorney time are reasonable. *Costa*, 690 F.3d at 1136.

## IV.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for EAJA fees and expenses be GRANTED in the amount of $6,062.91.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

*Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 6, 2016**                                  /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE