# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI ANN BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, [1]<br><br>    Defendants. | Case No. 1:14-cv-01288-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) BE GRANTED**<br><br>**Objections Due: 14 days**<br><br>(Doc. 30) |

## I. INTRODUCTION

On July 19, 2018, counsel for Plaintiff Lori Ann Brown ("Plaintiff"), Roger D. Drake, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 30.) On July 23, 2018, the Court issued a minute order requiring Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition to Plaintiff's counsel's motion, if any, by no later than August 20, 2018. (Doc. 31.) Plaintiff and the Commissioner were served with copies of the motion for attorney's fees and the minute order. (Doc. 33.) On August 8, 2018, the Commissioner filed a response, acknowledging that she was not a party to the fee agreement between Plaintiff and his counsel and therefore "not in a position to either assent or object to the § 406(b) fees that Counsel seeks from Plaintiff's past-due benefits," but nevertheless taking "no

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on February 27, 2017). She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [her] official capacity, be the proper defendant").

position on the reasonableness of the request." (*See* Doc. 34.)  Plaintiff did not file any objection to the motion by the August 20, 2018 deadline (*See* Docket).

For the reasons set forth below, IT IS RECOMMENDED that the motion for an award of attorney's fees be GRANTED in the amount of $19,486.09, subject to a refund to Plaintiff of $6,062.91 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on September 13, 2016 (*see* Doc. 29).

## II.    BACKGROUND

Plaintiff filed this action on August 16, 2014, seeking judicial review of a final administrative decision denying her application for Social Security disability benefits on the grounds that the administrative law judge ("ALJ") failed to properly weight conflicting medical evidence, improperly evaluated the limiting effects of Plaintiff's impairments, and improperly rejected Plaintiff's testimony.  (Docs. 1, 13, 15.)

On January 29, 2016, the undersigned found the Commissioner's decision was supported by substantial evidence within the record and recommended that Plaintiff's appeal be denied and judgment be entered in favor of the Commissioner.  (Doc. 17.)  On March 23, 2016, the District Judge adopted in part the undersigned's recommendation, remanding solely for reconsideration of portions of examining physician Dr. Valos's medical opinion.  (Doc. 21.)  The Court's decision was based upon the conclusion that "the ALJ failed to fully incorporate into her hypothetical questions posed to the [vocational expert] all of plaintiff's limitations as indicated by Dr. Valos's opinion."  (Doc. 21 at 8.)  The case being remanded back to the agency for reconsideration, judgment was entered for Plaintiff and against the Commissioner.  (Doc. 22.)

On April 18, 2016, Plaintiff filed an application for an award of attorney fees and costs pursuant to the EAJA in the amount of $5,834.84 (Doc. 23), which the Commissioner opposed (Doc. 26).  Plaintiff thereafter filed a reply brief, which requested a supplemental EAJA award of $228.07 for 1.2 hours spent on the brief.  (Doc. 27.)  On June 6, 2016, the undersigned recommended that Plaintiff be awarded $6,062.91 in fees and expenses under the EAJA (Doc. 28), which the District Judge adopted on September 13, 2016 (Doc. 29).

//

On June 21, 2018, the Commissioner issued a letter to Plaintiff approving her claim for benefits and awarding her $77,944.36 in back payments. (*See* Doc. 30, Declaration of Roger Drake ("Drake Decl.") ¶ 2 and Ex. A.) On July 19, 2018, counsel filed a motion for attorney's fees in the amount of $19,486.09, equal to 25% of Plaintiff's back benefits, subject to a refund to Plaintiff for $6,062.91 for EAJA fees already awarded. (*See* Doc. 30.) It is counsel's section 406(b) motion for attorney's fees that is currently pending before the Court.

### III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs

courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and "Drake & Drake P.C. / Roger Drake," signed by Plaintiff and counsel, provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court**. Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client fees otherwise payable for court work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney. **All fees are negotiable and subject to approval by the court with jurisdiction.**

(Doc. 30, Drake Decl., ¶ 10 and Ex. B (emphasis in original).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. As Plaintiff's counsel, Roger Drake spent 31.9 hours representing Plaintiff, ultimately gaining a favorable decision in that

4

the Commissioner's decision was reversed and remanded to the agency for reconsideration. (Doc. 30, Drake Decl. ¶ 11 and Ex. C (time sheets accounting for 31.9 attorney hours spent representing Plaintiff before the court)().) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel, as counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.

While counsel's regular, non-contingency hourly rate is $350, *see* Doc. 30, Drake Decl. ¶ 9, the effective hourly rate requested equals $610.85 per hour. This hourly rate is not excessive when compared to what the Ninth Circuit has approved in cases involving social security contingency fee arrangements. *See Crawford*, 586 F.3d 1142, 1153 (9th Cir.2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Villa v. Astrue,* No. CIV−S−06−0846 GGH, 2010 WL 118454, at *1−2 (E.D. Cal. 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business"); *Thomas v. Colvin*, No. 1:11−cv−01291−SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15−04261−DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work). Further, attorney's fees in the amount of $19,486.09 do not exceed 25% of the past-due benefits awarded and are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2

(recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, the attorney secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

An award of attorney's fees pursuant to section 406(b) in the amount of $19,486.09 is, therefore, appropriate. An award of section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $6,062.91 in fees pursuant to the EAJA; as such, counsel shall refund such amount to Plaintiff.

### IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $19,486.09 be GRANTED; and

2. Plaintiff's counsel be ORDERED to refund to Plaintiff $6,062.91 of the section 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

Counsel for Plaintiff is ORDERED to file on the Court's docket proof of service of this order upon Plaintiff at her current or last known address by no later than two (2) business days after the date of this order.

| | |
|---|---|
| 1 | These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated: **September 11, 2018**             /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE